UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM C. WYNANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01941-TAB-WTL |
| | ) | |
| PATRICIA KOWALUK, | ) | |
| JOHN WITHROW, JR., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTIONS TO DISMISS**

Plaintiff William Wynant filed a complaint alleging Defendant Patricia Kowaluk negligently collided with Wynant while driving Defendant John Withrow, Jr.'s vehicle in Pittsburgh, Pennsylvania. In lieu of an answer, Kowaluk filed a motion to dismiss [Filing No. 11] based on a lack of personal jurisdiction under Rule 12(b)(2), which Withrow joined. [Filing No. 14.] The Court acknowledges that it lacks personal jurisdiction over Kowaluk and Withrow, but nonetheless denies the motions [Filing Nos. 11 and 14] because justice is better served by transferring the case to the Western District of Pennsylvania, Pittsburg Division, where Wynant alleges the incident happened and Kowaluk and Withrow live.

There are two elements to the Court's jurisdiction: subject matter jurisdiction and personal jurisdiction. *Kromrey v. U.S. Dept. of J.*, 423 Fed. Appx. 624, 626 (7th Cir. 2011) ("Before deciding any case on the merits, a federal court must ensure the presence of both subject-matter jurisdiction and personal jurisdiction."); s*ee Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (distinguishing subject matter and personal jurisdiction). Subject matter jurisdiction concerns "the nature of the case and the type of relief sought" and "the extent to which a court can rule on the conduct of persons or the status of things." JURISDICTION,

Black's Law Dictionary (10th ed. 2014) (subject-matter jurisdiction). Federal courts' subject matter jurisdiction is limited by the Constitution and Congress. U.S. Const. Art. III § 2, cl. 1; 28 U.S.C. §§ 1331–69. There is no dispute that the Court has subject matter jurisdiction under 28 U.S.C. § 1332, commonly known as diversity jurisdiction.[1]

Personal jurisdiction concerns Court's authority to haul a specific person before it and subject them to the Court's orders. *See Ruhrgas*, 526 U.S. at 584 ("Personal jurisdiction . . . represents a restriction on judicial power ... as a matter of individual liberty.") (alterations in original) (internal citation and quotation omitted); *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945) ("Historically the jurisdiction of courts to render judgment *in personam* is grounded on their de facto power over the defendant's person."). When the Court's subject matter jurisdiction is based on diversity of citizenship, the Court's personal jurisdiction is established "when the plaintiff serves the defendant with a summons or files a waiver of service, but only so long as the defendant is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014) (citing Fed. R. Civ. P. 4(k)(1)(A)). The analysis returns to federal law, however, because Indiana's long arm statute "reduce[s] [the] analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the [f]ederal Due Process Clause." *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 967 (Ind. 2006).

The Due Process Clause prohibits a forum state from "exercise[ing] personal jurisdiction over a nonconsenting, out-of-state defendant unless the defendant has 'certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and

---

[1] Wynant is a citizen of Indiana, Kowaluk and Withrow are citizens of Pennsylvania, and the amount in controversy exceeds the $75,000 minimum.

substantial justice.'"  *N. Grain Mktg*, 743 F.3d at 492 (quoting *Intl. Shoe*, 326 U.S. at 316). "The mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction. The relation between the defendant and the forum must arise out of contacts that the defendant himself creates with the forum State." *Adv. Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014), as corrected (May 12, 2014) (alteration in original) (internal citations and quotations omitted).

Because Kowaluk and Withrow moved to dismiss for lack of personal jurisdiction, Wynant has the burden to make a *prima facie* showing of personal jurisdiction. *GCIU-Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009). Wynant fails to make this showing. In fact, Wynant does not make any allegations suggesting either Kowaluk or Withrow have any contacts with Indiana. The only allegations related to Indiana concern Wynant's actions after the incident. However, it is irrelevant that Wynant (or his passenger) returned to Indiana after the incident and received treatment within this district. The Court's personal jurisdiction "is not dependent on the unilateral activity of the plaintiff, but on whether defendant purposefully availed itself of the privilege of conducting activities within the forum state." *Philpot v. WUIS/Univ. of Ill., Springfield*, No. 1:14-cv-01791-TWP-TAB, 2015 WL 5037528, at *1 (S.D. Ind. Jun. 11, 2015) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985)). Wynant fails to make a *prima facie* showing that Kowaluk and Withrow had contacts with Indiana demonstrating that they purposefully availed themselves to Indiana's protections and privileges.

Thus, this Court lacks personal jurisdiction over Kowaluk and Withrow and cannot adjudicate Wynant's claims. However, the Court will not dismiss Wynant's claims merely on that ground. When a federal court lacks jurisdiction, it may, "in the interest of justice, transfer

such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court has a strong policy in favor of deciding cases on their merits. The accident giving rise to this complaint occurred on June 26, 2016. [Filing No. 1, ¶ 4.] Merely dismissing this action could have statute of limitations implications, thereby avoiding the merits. The interests of justice, therefore, favor transferring this action to its proper district. Thus, Kowaluk and Withrow's motions to dismiss [Filing Nos. 11 and 14] are denied, and the Clerk is directed to transfer this action to the Western District of Pennsylvania, Pittsburg Division, pursuant to 28 U.S.C. § 1406(a).

12/28/2018

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana


Distribution: All ECF-registered counsel of record by email.